IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Marcus Antwan Manick,<br><br>                    Plaintiff,<br><br>vs.<br><br>Johnathan Garrison, Donna Miller,<br>Maxine Lee, Self Regional Hospital,<br>and Luke Lark,<br><br>                    Defendants. | Civil Action No. 6:16-2042-BHH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

       The plaintiff, who is proceeding *pro se*, brought this action seeking relief pursuant to Title 42, United States Code 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code 1983 and submit findings and recommendations to the district court.

       On October 26, 2016, defendant Miller filed a motion for summary judgment (doc. 45). On November 2, 2016, by order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately (doc. 47). On November 8, 2016, the *Roseboro* order was returned to the Clerk of Court as undeliverable. There was no forwarding address provided (doc. 49). On November 15, 2016, defendants Garrison, Lark, and Lee filed a motion to dismiss (doc. 50). On November 17, 2016, a *Roseboro* order was issued again advising the plaintiff of the summary judgment and motion to dismiss procedures and the possible consequences if he failed to respond adequately (doc. 51). This *Roseboro* order was also returned to the Clerk as undeliverable (doc. 61). On

November 17, 2016, defendant Self Regional Hospital filed a motion for summary judgment (doc. 53). A *Roseboro* order was issued the same date (doc. 54). On December 6, 2016, defendants Garrison, Lark, and Lee filed a motion for summary judgment (doc. 62). A *Roseboro* order was issued the same date (doc. 63). This *Roseboro* order was also returned to the clerk as undeliverable (doc. 72). The plaintiff has not filed any response to these dispositive motions. On June 30, 2016, the plaintiff had been specifically advised by order to keep the Clerk of Court informed of any change of address (doc. 6).

As the plaintiff is proceeding *pro se*, the court filed orders with respect to the first three dispositive motions noted above (docs. 45, 50, 53). The first order was filed on December 12, 2016, giving the plaintiff through January 3, 2017 to respond to Miller's motion for summary judgment (doc. 69). This order was returned to the Clerk as undeliverable on December 27, 2016 (doc. 75). The second orders (docs, 76, 77) were filed on December 29, 2016, giving the plaintiff through January 18, 2017, in which to file his response to Garrison, Lark, and Lee's motion to dismiss (doc. 50) and Self Regional Hospital's motion for summary judgment (doc. 53). The plaintiff was again specifically advised that, if he failed to respond, this action would be dismissed for failure to prosecute. The plaintiff did not respond. These orders were also returned to the Clerk as undeliverable on January 17, 2017 (doc. 81).

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;

>> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions. It is solely through the plaintiff's neglect, and not that of an attorney, that no response has been filed. Meanwhile, the defendants are left to wonder when the action against them will be resolved. The plaintiff has not responded to the defendants' dispositive motions or the court's numerous orders requiring him to respond. Nor has he complied with this court's order to keep the Clerk advised of any address change. Accordingly, the undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b). Should the district court adopt this recommendation, the defendants' dispositive motions (docs. 45, 50, 53, 62) will be rendered moot.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

January 20, 2017
Greenville, South Carolina